Per Curiam.

While, in general, it is sound policy to require a hearing before the court itself or before an official referee in all matters affecting custody or rights of visitation, the papers before us indicate that there is no basis for any change in the provisions relating to visitation, and that the court at Special Term was right in so holding.
The agreement of the parties, incorporated in the foreign judgment of divorce, is not conclusive in the forum in which the child resides, but the provisions of the foreign judgment concerning custody and visitation are entitled to great weight and should not be changed unless a clear and convincing reason therefor is shown. Here, on the contrary, the papers show that a change in the right of visitation would operate not for the welfare of the child, now about six years of age, but to her detriment. It also appears that the father, who consented to the rather harsh restrictions on his right of visitation which were incorporated in the Nevada decree did so voluntarily, and that, under the circumstances here presented, which we do not deem it necessary to detail, his action in seeking a revision is not in good faith but is dictated by considerations entirely alien to those affecting the child’s welfare. No application was made below, nor was there any request in the affidavits for a hearing such as is now sought. Accordingly, we hold that the departure from the general rule concerning the necessity for a hearing in custody cases is not prejudicial to the appellant. The order below is affirmed, with costs.
Peck, P. J., Dore, Callahan, Van Voorhis and Shientag, JJ., concur.
Order unanimously affirmed, with $20 costs and disbursements to the respondent-respondent.